UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Abigail Garcia,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Kinum, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 1:19-cv-2755<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Abigail Garcia, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.　The Plaintiff, Abigail Garcia ("Plaintiff"), is an adult individual residing in Brownsburg, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Kinum, Inc. ("Kinum"), is a Virginia business entity with an address of 770 Lynnhaven Parkway #160, Virginia Beach, Virginia 23452, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Kinum and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Kinum at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Kinum for collection, or Kinum was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Kinum Engages in Harassment and Abusive Tactics

12. On March 19, 2019, Kinum called Plaintiff in an attempt to collect the Debt.

13. Plaintiff informed Kinum that she was not aware of the Debt and stated she needed to look into it.

14. Kinum responded saying that there was nothing to look into, that the Creditor had previously sent letters to Plaintiff, and demanded an immediate payment.

15. Plaintiff advised Kinum that she had not received any letters from the Creditor. In response, Kinum accused Plaintiff of lying, discarding the letters and avoiding paying the Debt.

16. Kinum spoke with Plaintiff in a rude and condescending manner in an effort to intimidate Plaintiff.

17. Kinum said to Plaintiff: "Abigail, you are 35 years old is this how you handle your debts?"

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

5. Such other and further relief as may be just and proper.

### JURY TRIAL DEMANDED ON ALL COUNTS

Dated: July 5, 2019

        Respectfully submitted,

        By /s/ Amy L. Cueller

        Amy L. Cueller, Esq., #15052-49
        LEMBERG LAW, L.L.C.
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-Mail: acueller@lemberglaw.com
        Attorneys for Plaintiff